Jefferson Loan Company, Inc. v. Commissioner.
Jefferson Loan Co. v. Commissioner
Docket No. 35800.
United States Tax Court
1956 Tax Ct. Memo LEXIS 166; 15 T.C.M. (CCH) 1071; May 25, 1956
*166 LEMIRE Order LE MIRE, Judge: On October 3, 1955, petitioner filed a motion requesting leave to withdraw its stipulation, dated September 27, 1951, and to revise the decision entered October 5, 1951, pursuant to such stipulation, and for other relief. The motion came on for a hearing on November 16, 1955, at which time the respondent conceded the truth of the facts alleged for the purposes of the motion. Thus the facts, but not the conclusions or inferences to be drawn therefrom, are to be taken as true for the purposes of passing on the sufficiency of the motion. The motion is predicated on the alleged mistake of the parties and the fraud perpetrated on petitioner by its president and its certified public accountant. The facts may be summarized as follows: During the period January 31, 1947, to January 31, 1951, inclusive, the operations and affairs of petitioner were under the active management, direction, and control of Vernon F. Neubauer as its president, who employed an independent certified public accountant, and the counsel, who represented the petitioner and executed the stipulation on which the decision was entered. The income tax returns filed for the *167 taxable fiscal years ended January 31, 1947 and 1948, which are the years in controversy, were signed by its president. Such returns reported net taxable income and taxes due thereon as follows: Net Tax-
F/Y
able Income
Income Tax
1947
$24,578.06
$ 5,644.51
1948
54,145.58
20,575.32 Petitioner did not file any personal holding company tax return for either of such years. On April 19, 1951, the respondent mailed to petitioner a deficiency notice for the fiscal years ended January 31, 1947 and 1948, disclosing deficiencies in income tax, personal holding company surtax, and penalties as follows: Income Tax
Penalties
F/Y
Deficiency
50%
25%
1947
$ 8,146.16
1948
7,579.02
Personal Holding Company Surtax
1947
$22,223.34
$11,111.67
$5,555.84
1948
38,845.63
19,422.82
9,711.41 On July 17, 1951, petitioner filed with this Court a petition for redetermination of the aforesaid deficiencies and penalties. On September 27, 1951, a stipulation was signed by counsel for the respective parties, agreeing to deficiencies and penalties for the fiscal years ended January 31, 1947 and 1948, as follows: Income Tax
Penalties
F/Y
Deficiency
50%
25%
1947
$ 513.25
1948
Personal Holding Company Surtax
1947
$16,469.93
$ 8,234.97
$4,117.49
1948
27,342.66
13,671.33
6,835.66
*168 Pursuant to such stipulation this Court entered its decision October 5, 1951. On January 4, 1952, petitioner made an assignment for the benefit of creditors. On March 14, 1952, an involuntary petition in bankruptcy was filed by three banking institutions to which petitioner was indebted and a receiver was appointed who continued the business activities of petitioner. During the period July 1, 1953, to June 4, 1954, the receiver made payments aggregating $89,340.43 on the stipulated deficiencies and penalties, with interest. The receiver employed Muren & Company, certified public accountants, to evaluate the assets and determine the liabilities of petitioner. The accountants filed with the receiver two reports covering their examinations of the petitioner's books and records for the fiscal years ended January 31, 1947, to January 31, 1951, inclusive. These reports disclosed that petitioner's income for such period was overstated by the amount of approximately $959,000; and, that receivables which were carried at a net amount, after reserve, of $1,716,714.67 had a realizable value of only $173,175, on March 18, 1952. The date on which the accountants made their second report *169 to the receiver appears to be January 3, 1953. Subsequently Muren & Company, at the request of petitioner's principal stockholder, made a third examination of petitioner's books and records. The specific date when such report was made is not stated, but it is indicated by Exhibit B to the motion that it was made prior to June 30, 1954. It is alleged that based on evidence discovered and verified since June 4, 1954, petitioner believes and therefore charges the fact to be that for a period of several years immediately prior, during, and subsequent to the taxable years ended January 31, 1947 and 1948, the books and records of petitioner were kept in a false and fraudulent manner as a part of a course of conduct deliberately and knowingly engaged in by Vernon F. Neubauer for the purpose of concealing losses and the real financial condition of petitioner; that consistent with such purpose and in pursuance thereof he caused income tax returns for the fiscal years ended January 31, 1947 and 1948, to be prepared and filed which were grossly erroneous and reported income when in fact there were losses; and that he authorized and directed counsel to file the stipulation herein without disclosing *170 to him that petitioner had no net taxable income. Pursuant to an arrangement approved by the court, the receiver retransferred and delivered back to petitioner its property. The receiver was discharged on February 3, 1955. Another proceeding was instituted by petitioner before this Court, docket No. 39444, contesting certain deficiencies determined by the respondent for the taxable years ended January 31, 1949 to 1951, inclusive. In that proceeding a stipulation was filed on March 7, 1955, in which the parties agreed that there were no deficiencies in income tax, personal holding company surtax, and penalties for such fiscal years, and that petitioner was entitled to certain specified refunds. A decision was entered accordingly. On or about June 28, 1955, an indictment was returned by the United States Grand Jury sitting at St. Louis, Missouri, charging petitioner's president, Vernon F. Neubauer, and its accountant, Marion F. Langenberg, with a conspiracy to defraud certain banking institutions by means of false and fraudulent financial statements, and using the United States mails for executing such purpose. It is further alleged that the granting of the relief prayed is the *171 only way to avoid a gross injustice to petitioner. The respondent opposes the granting of any relief on the ground that this Court is without jurisdiction; that the petitioner has not shown sufficient facts to warrant the granting of the relief prayed; and, that petitioner has legal remedies available. We are convinced that upon the conceded facts petitioner has not shown that it is entitled to the relief herein prayed for. Therefore, we express no opinion with respect to the respondent's contention that this Court lacks jurisdiction over its decisions which have become final. The decision which petitioner requests us to vacate was entered on October 5, 1951, more than four years prior to the filing of this motion. The stipulation on which the decision was entered obviously was the result of a compromise agreement of the parties, as the deficiencies agreed to are considerably less than those determined by the respondent. The fraud alleged is predicated upon the faithlessness and deception of petitioner's president and the accountant he employed. There is no allegation of fraud on the part of the respondent. The record shows that the receiver of petitioner paid the deficiencies *172 and penalties stipulated by the parties after receiving two reports of examinations of petitioner's books and records made by his accountants, which disclosed the false and fictitious book entries. It is further shown that the same accountants made a third examination of petitioner's books on behalf of the principal stockholder and made a report disclosing the facts on which the motion is based. Such report was received on or about June 4, 1954. No reason is given for the delay of approximately 16 months in filing the present motion. Under the circumstances the motion is not timely and the relief sought is denied on the ground of laches. The premises considered, it is ORDERED and DECIDED that the motion of the petitioner be and it is hereby denied in all respects.